

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. 0-7279

Re: Legality of employment of
Deputy Tax Collector, Sheriff
and County Clerk of Gregg
County, and related questions.

We are in receipt of your request for our opinion on
the matters contained in your letter which is quoted as follows:

"Gregg County has a population of fifty-eight
thousand plus (58,000/) and a tax valuation of one
hundred three million, one hundred sixteen thousand
dollars ($103,116,000.00). Can the Tax Assessor-
Collector, the Sheriff and the County Clerk employ
two deputies and pay them the same amount?

"If your answer is that the Tax Assessor-
Collector and the County Clerk and the Sheriff may
hire two or more heads of the departments, please
state the amount that such heads of the departments
may be paid including the 25% increase allowed in
1944.

"I refer you to Article 3902, Sections 1-A, 2
and 3 Vernon's."

Your inquiries are further explained in your letter of
October 5, 1946, addressed to this department from which we quote
in part:

"As I stated in a previous letter, Gregg
County's population, according to the last census,
exceeds fifty-eight thousand (58,000/) and has a tax
valuation of one hundred three million, one hundred

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. R. S. Wyche - Page 2

sixteen thousand dollars (¢103,116,000.00).

"The Tax Assessor-Collector employes twelve
(12) deputies; the County Clerk employes ten (10)
deputies; and the Sheriff employes twelve (12)
deputies.

"At present these deputies are paid: chief
deputies an annual salary of two thousand six hund-
red twenty five dollars (¢2,625.00); and other
deputies are paid an annual salary of two thousand,
two hundred fifty dollars (¢2,250.00). The
Tax Assessor-Collector, County Clerk, and Sheriff would
like to have two deputies instead of one receiving
two thousand, six hundred twenty-five dollars (¢2,625.00)
annual salary. I think the Commissioners' Court and the
County Judge are disposed to grant this request.

"I have arrived at the conclusion that Section 3, or
Article 3902, Vernon's, H. B., Chapter 315, Acts 1935,
44th Legislature, page 724, governs the salary permitted
the deputies for the offices above mentioned. Plus the
twenty-five per cent (25%) addition as provided in Section
A, Article 3891, Vernon's, B. H. Acts of 1945, 49th Legis-
lature, page 244, Chapter 179, Section 1.

"I call your attention to Section 1-A, Article 3902,
Vernon's, which provides for the payment of heads of de-
partments for these offices.

"However, the disjunctive or as to population, ex-
cludes Gregg County, while valuation fits this County.

"We see here that a County having a less population
than Gregg County's fifty-eight thousand, (58,000), all
chief deputies may receive a greater salary than Gregg
County's, and in addition to that may employe heads of
departments, paying them two thousand, four hundred
(¢2,400.00) a year with the courts discretion to pay
them twenty five per cent (25%) in addition to the pro-
vision as provided in this section of the law, Viz:
Article 3902, Section 1-A, Vernon's.

"In the case of the Sheriff, he desires to pay a
bookkeeper and cashier a salary to be determined by the

Commissioners' Court. The question in the Sheriff's case is if all employees are deputy Sheriffs, and their salaries are the same.

"If Section 3, of Article 3902 applies to this County, then it seems that the deputies are now receiving the maximum amount of salary allowed under the law. Of course, the county has elected to grant the twenty-five per cent (25%) increase provided in the Acts of 1944. The soul question, unless I have overlooked some provision of the law, is: 'Can Section 1-A, of Article 3902, apply to Gregg County?' If so, the heads of departments could be paid an annual salary of three thousand dollars ($2,400.00), plus twenty-five per cent (25%) increase as may be allowed by the court.

"Please let me have your opinion, and state the salary of the deputies of these departments."

You have called our attention to Article 3902, Sections 1-a, 2 and 3, V.A.C.S. of Texas. However, only Section 3 is applicable to Gregg County which had a population of over 58,000 in the last preceeding Federal Census.

Article 3902 is as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said Court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the

entry of such order the officers applying for such
assistants, deputies or clerks shall be authorized
to appoint them; provided that said compensation shall
not exceed the maximum amount hereinafter set out; The
compensation which may be allowed to the deputies,
assistants or clerks above named for their services
shall be a reasonable one, not to exceed the following
amounts. . ."

Section 3, supra, applicable to Gregg County, provides
that:

"In counties having a population of thirty-
seven thousand five hundred and one (37,501) and
not more than sixty thousand (60,000) inhabitants,
first assistant or chief deputy not to exceed Twenty-
one Hundred ($2100.00) Dollars per annum; other assis-
tants, deputies or clerks not to exceed Eighteen Hund-
red ($1800.00) Dollars per annum each. Provided that
nothing in this Act shall be construed as repealing
or affecting Section 2 of H. B. No. 694, Chapter 315,
Acts 1935, Forty-fourth Legislature, page 724."

From the above quoted statutes, it is apparent that the
Tax Assessor-Collector, the Sheriff and the County Clerk when
authorized by the Commissioners' Court as heretofore described in
Article 3902, supra, may employ two deputies, and may pay them the
same amount, except for the First Assistant or Chief Deputy who
may be paid a larger salary than the other assistants or deputies
as provided by Article 3902, Section 3, supra. This conclusion is
the same as the appropriate part of our Opinion No. O-3454 addressed
to you in 1941. You are advised, therefore, that Gregg County can-
not legally pay a salary of $2100.00 per annum plus 25% thereof to
more than one Chief Deputy or First Assistant in the office of Tax
Assessor-Collector, County Clerk or Sheriff.

We call your attention to Article 3902, Section 9, which
provides that:

"The Commissioners Court is hereby authorized,
when in their judgment the financial condition of
the county and the needs of the deputies, assistants
and clerks of any district, county or precinct officer
justify the increase, to enter an order increasing

the compensation of such deputy, assistant or clerk in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed Thirty-six Hundred ($3600.00) Dollars."

Under this authority, it is legally possible to increase the salaries of deputies, assistants and clerks as well as Chief Deputies or First Assistants, to an amount twenty-five (25%) per cent greater than provided in Article 3902, Section 3, supra.

In view of Article 3902, supra, you are advised that it is within the power of the Commissioners' Court to authorize the Sheriff to employ a clerk to act as a bookkeeper or cashier to assist the Sheriff in the performance of any of the lawful duties of his office. The compensation of such a clerk shall, of course, be determined by the Commissioners' Court and shall be a reasonable compensation but not in excess of $1800.00 plus 25% thereof.

Our answer to the first question contained in your original request for opinion precludes the necessity of answering your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Stewart W. DeVore
Stewart W. DeVore
Assistant

APPROVED OCT 22, 1946

ATTORNEY GENERAL OF TEXAS

SWDeV:djm



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN